# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>KIM WYATT,<br><br>    Defendant. | 1:14-cv-00136-GSA-PC<br><br>**ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 18.)**<br><br>**ORDER FOR CLERK TO CLOSE CASE** |

## I. BACKGROUND

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 31, 2014. (ECF No. 1.)

On February 7, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 23, 2015, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 15.) On March 4, 2015, Plaintiff filed the First Amended Complaint. (ECF No. 16.) On January 26, 2016, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 17.) On February 22, 2016, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (ECF No. 18.)

## II.   SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

### III. SECOND AMENDED COMPLAINT

Plaintiff is civilly detained at Coalinga State Hospital in Coalinga, California, in the custody of the California Department of State Hospitals, where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names as defendant Kim Wyatt (Nurse).

Plaintiff's allegations follow, in their entirety:

> "The Defendant was given an order by the unit Doctor to acess (*sic*) the injured area of my person. She refused to comply and passed the task to a nuther (*sic*) Nurse hoom (*sic*) also refused to comply. The resalt (*sic*) is that Plaintiff was left in verry (*sic*) serious pain for over six mounths (*sic*) due to the doctor leaving the insuchion (*sic*)."

(ECF No. 18 at 5.) Plaintiff requests monetary damages.

### IV. DISCUSSION

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Id. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir.

2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

In the Court's prior order dismissing the First Amended Complaint for failure to state a claim, the Court held that:

> "Plaintiff's vague allegations fall short of supporting a claim that his federal rights were violated. Youngberg, 457 U.S. at 322-23.  In addition, the mere fact that Defendant passed her job to another does not suffice to support a claim under section 1983.  Id."

(ECF No. 17 at 3:20-23.)

Plaintiff alleges essentially the same facts in the Second Amended Complaint that he alleged in the First Amended Complaint.  There are no facts in the Second Amended Complaint to support an allegation that Defendant Wyatt was consciously indifferent to Plaintiff's needs.

### V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  However, for the reasons discussed above, it does not appear that additional facts would cure the deficiencies in Plaintiff's claims.  The Court provided Plaintiff with ample guidance for curing the deficiencies in the First Amended Complaint, and Plaintiff has now filed three complaints without stating any claims upon which relief may be granted.  Therefore, this case shall be dismissed, with prejudice, for failure to state a claim.

///

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 14, 2016**                              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE